# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA FINN,<br><br>                          Plaintiff,<br>   vs.<br>UNITED HEALTHCARE INSURANCE COMPANY,<br><br>                          Defendant. | CASE NO. 12cv296-LAB (WVG)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS** |

On May 9, 2012, Plaintiff Angela Finn, proceeding *pro se*, filed her first amended complaint (FAC). The FAC alleges that Defendant United Healthcare Insurance Company told her a particular procedure would be covered, up to 70% of reasonable and customary fees. The clinic, Ambulatory Care Surgery Center ("ACSC") confirmed this, and was also told that payment would be subject to a $3,000 deductible charge and a $3,000 stop loss. Finn had the procedure and was billed $16,293.01, but United paid only $3,303.30, leaving her liable to ACSC for the remainder.

The FAC alleges United is the claims administrator under an employer-sponsored health benefit plan, which is subject to ERISA. The FAC seeks relief under ERISA, § 502(a)(1)(b) (29 U.S.C. § 1132(a)(1)(b)), and also under state-law theories of negligent misrepresentation and promissory estoppel.

/ / /

United moved to dismiss the FAC, arguing it is not a proper Defendant, Finn failed to allege what plan provisions entitled her to greater coverage than she received, and also that her state-law claims are preempted by ERISA.

**Standard for Motion to Dismiss**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a motion to dismiss, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars–Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

To avoid dismissal, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and its factual allegations must "raise the right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain enough factual allegations that, if accepted as true, would state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Discussion**

Finn in her opposition to the motions to dismiss again cites the old standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), under which a Rule 12(b)(6) dismissal was appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." But the Supreme Court expressly repudiated that standard in *Twombly*.

   **Whether United Is a Proper Party**

The FAC makes the nonsensical allegation that the health benefit plan itself "was and is an ERISA fiduciary or plan administrator. . . " (FAC, ¶ 4.) It is difficult to know what to make of this because a benefit plan is incapable of administering itself or serving as fiduciary of itself. See 29 U.S.C. § 1002(21)(A) (identifying which persons are fiduciaries). It also identifies United as the "claims administrator" (FAC, ¶ 3) without alleging whether United is a fiduciary. *Compare Frost v. Metropolitan Life Ins. Co.*, 320 Fed. Appx. 589, 590–91 (9th Cir.

2009) *with Kyle Rys., Inc. v. Pac. Admin. Servs., Inc.,* 990 F.2d 513, 516 (9th Cir.1993) (explaining that plan administrators are not fiduciaries when they merely perform ministerial duties or process claims).

In order to raise any ERISA claims, Finn must allege facts showing at least that United was a fiduciary. *See Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011) (en banc) (where plan administrator had no authority to resolve benefit claims or authority to pay them, insurer who did have such authority was proper defendant in action for benefits).[1] She has not done this.

**ERISA Preemption**

To the extent Finn's claims for negligent misrepresentation and for promissory estoppel are based on United's failure to pay benefits provided for under the plan, they are preempted by ERISA. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) (quoting *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1095 (9th Cir.1985)) ("We have held that 'ERISA preempts common law theories of breach of contract implied in fact, promissory estoppel, estoppel by conduct, fraud and deceit and breach of contract.'"); *Bernstein v. Health Net Life Ins. Co.*, 2012 WL 5989348, slip op. at *5 (S.D.Cal., Nov. 29, 2012) (citations omitted) (holding state law negligent misrepresentation and estoppel claims, which depended on the defendant's failure to pay the benefit, were preempted by ERISA).

To the extent Finn is admitting the plan didn't really provide for the higher level of benefits she now seeks but United misled her into thinking it did, her claim requires the existence of a plan and construction of the plan's terms in order to compare them with the representation. As such, it is preempted. *See Peralta v. Hispanic Business, Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005) (citing *Providence Health Plan v. McDowell*, 385 F.3d 1168 (9th Cir. 2004)) (claims requiring construction of plan terms are preempted). *See also Cleghorn v. Blue Shield of Calif.*, 408 F.3d 1222, 1225 (9th Cir. 2005) (holding that state causes of

---

[1] *Cyr* overruled two cases cited by United, *Ford v. MCI Communications Corp. Health & Welfare Plan*, 399 F.3d 1076 (9th Cir. 2005), and *Everhart v. Allmerica Fin'l Life Ins. Co.*, 275 F.3d 751 (9th Cir. 2001), which held that only the plan itself, or the plan administrator named in the plan document were proper defendants.

action that would supplement remedies provided under ERISA are preempted). Such a claim also relies on an assumption that United was involved in the administration of the plan. State-law claims of fraud and misrepresentation arising from the administration of ERISA plans are also preempted. *See Zavala v. Trans-System, Inc.*, 258 Fed. Appx. 155, 157–58 (9th Cir. 2007) (citing cases).

The Ninth Circuit has recognized an equitable estoppel theory under ERISA. To bring such a claim, Finn must allege a material misrepresentation, reasonable and detrimental reliance upon it, extraordinary circumstances, ambiguity in the plan terms (such that reasonable persons could disagree as to their meaning or effect), and representations involving an oral interpretation of the plan. *See Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). Finn hasn't pleaded those elements, but it may be possible for her to amend her complaint to do so.

Finn argues that her claim, in part, relies on United's having deceived her health care provider, ACSC, but she lacks standing to raise ACSC's rights, and she does not identify any state cause of action arising from deception of a plaintiff's health care provider. It may be that ACSC can bring a state-law claim, *see Marin Gen'l Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009) (claim by hospital that insurer breached agreement with hospital to pay 90% of insured's charges was not completely preempted by ERISA), but only if it is acting in its own capacity rather than as Finn's assignee. *See Cedars-Sinai*, 497 F.3d at 978 (because hospital was suing as independent entity claiming damages, rather than as assignee of purported ERISA beneficiary, claims were not completely preempted).

**Failure to Plead Plan Terms**

Finn is required to plead facts, and not merely "labels and conclusions" or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation, alterations and internal quotation marks omitted).

/ / /

/ / /

/ / /

The FAC says Finn doesn't have a copy of the plan, but says she will obtain a copy of it during discovery and amend the complaint based on it.[2] (FAC, ¶ 9.) The FAC alleges nothing about what the plan's terms nor does it identify language in any other document that would be binding on United. Rather, it alleges Finn's understanding that the terms of the plan provided that the procedure would be covered (*id.*, ¶ 11) and what other people said was covered. (*Id.*, ¶¶ 12–13.) The FAC leaves open the question of whether the plan actually provided for the benefits Finn is now claiming. (*Id.*, ¶ 24 (alleging that, either United failed to pay benefits owed under the plan, or misrepresented that benefits were available under the plan when in fact they weren't).) As noted above, the fact that someone told Finn or ACSC what the plan said isn't a basis for recovery, nor is Finn's own belief. Finn must instead allege either what the plan (or another binding document) said, or must show by additional factual allegations she was entitled to benefits under the plan that she didn't receive.

**Finn's Ability to Plead Facts**

Finn's opposition alludes to facts not alleged in the FAC. She attaches a proposed second amended complaint, to show she is ready to amend. This doesn't salvage the FAC, but it at least shows she has looked at the plan now. United's reply brief attaches the summary plan description, so she has that as well.

If Finn files an amended complaint, she should quote the language of the plan (or other binding document), or attach it as an exhibit and refer to particular portions of it in the body of the complaint. The proposed second amended complaint doesn't do this, but merely alleges the plan's language is vague and ambiguous. The ambiguity of a legal document is a conclusion of law for the Court to make. *In re U.S. Financial Securities Litigation*, 729 F.2d 628, 632 (9th Cir. 1984).

/ / /

/ / /

---

[2] In fact, discovery isn't needed in order to obtain a copy of the plan; Finn is entitled to plan documents on request, under 29 U.S.C. § 1024(b)(4).

**Conclusion and Order**

For the reasons set forth above, United's motion to dismiss is **GRANTED IN PART**. The FAC is **DISMISSED WITHOUT PREJUDICE**, except that her preempted claims are **DISMISSED WITH PREJUDICE.** Finn may file a second amended complaint remedying the defects identified in this order, no later than **28 calendar days from the date this order is issued**.

**IT IS SO ORDERED**.

DATED: March 20, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge